Arthur Adler v. Commissioner.
Adler v. Commissioner
Docket No. 68578.
United States Tax Court
T.C. Memo 1959-115; 1959 Tax Ct. Memo LEXIS 134; 18 T.C.M. (CCH) 520; T.C.M. (RIA) 59115; May 29, 1959
*134 Jacob Daniels, Esq., for the petitioner. Sumner L. Lipsky, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $2,780.12 in income tax of the petitioner for 1954 by disallowing all of the expenses of a butcher shop conducted by the petitioner and disallowing the petitioner's claim to an additional exemption of $600 upon becoming 65 years of age in August 1954. Findings of Fact The petitioner filed his individual income tax return for 1954 with the director of internal revenue at Brooklyn, New York, on April 15, 1955, and paid at that time the tax of $264 shown on that return. The petitioner, as sole proprietor, operated a butcher shop at 71 Lafayette Avenue, Brooklyn, New York, during all of 1954. He became 65 years of age in August 1954. He paid rent of $1,920 in 1954 for the premises on which he conducted the business. He had two employees during that year to whom he paid wages in the total amount of $4,780 during 1954. He also paid the following amounts during 1954 in connection with the operation of his butcher business, all of which were ordinary and necessary expenses of that business: *135 Freight
$ 866.70
Electricity
392.18
Paper Bags
554.09
'Phone
207.21
Water
88.05
Gross Sales Tax
124.08
Insurance
384.02
License
20.00
Window Cl.
54.00
Sawdust
45.00
Tools
101.40
Laundry
104.10
Stationery
17.63
Saws
49.25
Coal
57.65
Repairs
71.05
Total
$3,136.41
The petitioner reported on his 1954 return: Gross business receipts
$62,388.90
Cost of goods sold
48,956.70
Gross profit
$13,431.90 (sic)
Wages
$4,676.00
Rent
1,920.00
Other business expense
3,136.41
Total Expense
9,732.41
Net profit from business
$ 3,699.49
The Commissioner, in determining the deficiency, disallowed the $9,732.41 claimed as business expense and an exemption of $600 claimed for a taxpayer 65 years of age. Opinion MURDOCK, Judge: The petitioner obviously had deductible expenses in conducting his retail butcher shop during 1954, and the one answer clearly wrong is to deny that he had any. The Commissioner claimed that the petitioner never offered any corroboration of the amounts deducted on the return, but it is not clear that the Commissioner ever asked to see any records of the business prior to the date when *136 the petitioner lost his business and his records of that business. Both parties have brought difficulties upon themselves unnecessarily in this case. The petitioner could have saved himself trouble by voluntarily showing the Commissioner such corroboration as he may have had for the questioned expenses. The Commissioner should have allowed some expenses of a business with gross sales of $62,388.90. The Commissioner now concedes the $600 exemption based upon age 65. The petitioner testified that he paid the various expenses claimed and gave some, but not much, corroborating evidence. The amounts claimed appear to be not unreasonable for the size of the business. There is no evidence to show that the amounts claimed were not actually paid. There is no reason to believe that the witness was untruthful. The record as a whole supports the petitioner's contentions. Decision will be entered under Rule 50.